UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CHAVEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>F. FOULK, et al.,<br><br>        Defendants. | No.  2:14-cv-0532 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, because plaintiff's action cannot proceed under 42 U.S.C. § 1983 and therefore must be summarily dismissed, the court will not assess a filing fee. See below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8       A complaint must contain more than a "formulaic recitation of the elements of a cause of

9 action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

11 must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

12 a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

13 Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

14 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

15 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

16 when the plaintiff pleads factual content that allows the court to draw the reasonable inference

17 that the defendant is liable for the misconduct alleged."  Id.

18       In reviewing a complaint under this standard, the court must accept as true the allegations

19 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

20 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

21 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

22       Plaintiff names as defendants High Desert State Prison (HDSP) Acting Warden Fred

23 Foulk; Chief Disciplinary Officer S.L. Chapman; Correctional Lieutenants M. Lee and K. Harper;

24 and Correctional Officer (C/O) J. Phillips.  Complaint, ECF No. 1, at 1-2.  Plaintiff alleges that on

25 July 10, 2013, he wrongfully received a CDC 115, Rules Violation Report (RVR), for

26 participation in a mass hunger strike.  Id. at 3, 17 (copy of RVR).  Plaintiff alleges that the August

27 4, 2013 prison disciplinary conviction for a Division "D" offense was wrongful because he was

28 not given the opportunity to either accept or reject nine consecutive meals which he was found

1 guilty of refusing under 15 Cal. Code. Regs. § 3005(b).[1]  Id. at 4; see also, exhibits at 6-7 (copy of
2 January 17, 2014 third level appeal denial decision, 19-20 (copy of proceedings at RVR hearing).
3 He seeks, inter alia, restoration of lost credit and expungement of CDC 115 from his record.  Id.
4 at 3.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam).

To the extent this action has been filed as a complaint, it must be dismissed.  However, although plaintiff used the form for filing a § 1983 complaint, he does refer to himself within the putative complaint as "petitioner."  See, e.g., Complaint at 4.  Nevertheless, even if the court construes this action as a petition challenging a prison disciplinary conviction under 28 U.S.C. § 2254, it must be dismissed because on the face of it petitioner has failed to exhaust his state court remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner has provided evidence of administrative exhaustion but there is no representation that his claims have been presented to the California Supreme Court.  Further,

---

[1] "Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees." Cal. Code Regs. tit. 15, § 3005(b).

3

there is no allegation that state court remedies are no longer available to petitioner. Accordingly, construing the complaint as a petition, it must be dismissed without prejudice.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint is summarily dismissed; a filing fee will not be assessed.

2. To the extent that this case is properly construed as one brought pursuant to 28 U.S.C. § 2254, it is dismissed without prejudice for failure to exhaust state court remedies.

DATED: July 29, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).